By the Court.—Peckham, J.
This is an appeal from an order of the general term of the court of com *191 mon pleas of the city of Hew York, affirming an order denying the motion of the defendant, Bucking, that Hills & Wakeman, the alleged assignees and owners of the demand in this case, pay the costs of the successful defense therein.
During the pendency of the suit to establish a lien, the claimant assigned his claim in writing to his creditors, Hills & Wakeman, “to take and hold, and to proceed to enforce the same in my name, and for me, and to collect, have and receive all the papers, proceedings and matters concerning the same, in their own control, and to collect and have all the moneys that may be obtained in any suit now pending, or to be commenced, or from settlement or compromise, that they in their discretion may think best, to complete; . . . . and I agree to aid the prosecution of said claim, and do all I can to insure the collection of the same.”
This was conditioned that the assignees should from the proceeds first pay the debt due them from the assignor, and then pay the balance to him. The assignees under this assignment agreed in these words: “We hereby agree to the condition of the foregoing instrument.”
Considerable evidence was before the court, taken by commission and by affidavit, touching the question whether the assignees had in fact carried on the suit, or had merely held the claim as collateral. The court below arrived at the conclusion that they had not conducted or carried on the suit, or aided in doing so. I have carefully examined the testimony; and, although there is come slight evidence of a contrary tendency, the substance of the case is with the respondents. The original case was on trial before a referee for a long time; the costs of defending the action were some eight hundred dollars. But the evidence establishes that neither of the assignees ever attended a hearing *192 before the referee. That they never employed the attorney or the counsel for prosecuting the claim, met or advised with either. The attorney was employed before the assignment; and the attorney was paid exclusively, so far as he had any pay, by the assignor, who gave his personal attention to the prosecution. Fifty dollars for that purpose he borrowed of the assignees. The assignees explicitly deny that they ever took any part in the prosecution, and it is clear, they did not take any substantial part. The assignor, by all the testimony, was the man who acted for the claim. It is the duty of the movers to make out an affirmative case. Upon the whole evidence, I think they fail.
I have examined this question as to prosecuting the claim, because it was strenuously argued by both parties. Prior to the Code, it would have been pertinent ; since the Code, I think the sole question,’ was the assignee the actual owner ?
The Code provides that, in actions in which the cause of action shall by assignment after the commencement of the action, or in any other manner become the property of a person not a party to the action, such person “shall be liable for the costs in the same manner as if he were a party ” (Code, § 321).
It is settled that this provision does not include a person who merely takes the claim as collateral security (Wolcott v. Holcomb, 31 N. Y. 125). Confessedly, these assignees never took this assignment otherwise than as collateral security.
Therefore, the order should be affirmed.
All the judges concurred.
Order affirmed.